## In re Marianne Bono JEAN, 267–11–2927, Debtor.

### Bankruptcy No. 90–11351–AJC.

United States Bankruptcy Court, S.D. Florida.

May 23, 1990.

Jordan E. Bublick, Howard Allen Cohen.

Robert L. Roth, interim trustee.

A. JAY CRISTOL, Bankruptcy Judge.

Order Partially Granting Motion to Dismiss Bankruptcy Proceeding and Denying Confirmation of Statement of Debtor's Plan, and Providing Further Relief to Secured Creditor Northern Trust

This case having been brought before the Court on May 22, 1990, at 1:00 p.m. (at the conclusion of the 10:00 a.m. motion calendar) on the Chapter 13 Plan of the Debtor (the "Plan") filed March 16, 1990, pursuant to 11 U.S.C. § 1324 after the Debtor failed to appear in person at the first meeting of creditors conducted under 11 U.S.C. § 341(a), noticed for 8:30 a.m. on May 22, 1990, as noticed by the Clerk of this Court on March 36, 1990 (the "§ 341(a) Meeting"), and the Motion to Dismiss Bankruptcy Proceeding And, in the Alternative, Statement of Opposition To Debtor's Plan [including a demand for the imposition of sanctions] (the "Motion to Dismiss") filed by the scheduled, secured creditor Northern Trust Bank of Florida, N.A., as trustee ("Northern Trust"); the Motion to Dismiss having been noticed by Northern Trust on May 18, 1990; the Court having been advised by the Interim Trustee, Robert L. Roth, that the Debtor did not appear at the § 341(a) Meeting; and the Court having heard argument of counsel for both the Debtor and Northern Trust and having been fully advised of the premises; it is thereupon

Ordered and Adjudged that:

1. That the Debtor's Voluntary Petition and Plan were filed in bad faith in order to delay or frustrate the legitimate efforts of Northern Trust to enforce its mortgage against property (see Paragraph 3, *infra*) in which the Debtor has little or no equity. *See In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, CCH Bankr.L.Rptr.P. 72355 (CA11 Fla.1988), the Court finding that:

a. The Petition and Plan deal virtually with only one asset, the Apartment Property as described in Paragraph 3, *infra*, that is not owned solely by the Debtor, but is owned as tenants by the entireties by the Debtor and her husband, Yverne Jean, and thus cannot be sold without the joinder of Yverne Jean in the deed. *See* Uniform Title Standard § 6.3 (The Florida Bar).

b. The Debtor's husband, Yverne Jean, whose signature would be necessary to sell the Apartment Property, was never included in the Petition, the Plan, this case, or any other current bankruptcy proceeding.

c. The Debtor has scheduled only one unsecured creditor who would be affected by the Plan, the Dade County Public Health Trust, and the amount of that debt is nominal compared to Northern Trust's secured debt which with the Plan seeks to deal.

d. The only purpose of the filing of the Petition and of the Plan was to delay the foreclosure sale of the Apartment Property, to permit the Debtor more time than permitted by Florida law in the State Court Foreclosure to sell the Apartment Property as stated at the hearing by Debtor's counsel.

e. The Plan did not contain any budget of the Debtor showing her monthly income, expenses, and amount that she could and would propose to devote monthly to the payments of the debts shown in the Petition.

f. The Plan did not propose any monthly payments by the Debtor from her regular, earned income to the Trustee for payment by the Trustee of the creditors so entitled under the Plan and makes no provision to bring the arrearages in the Northern Trust mortgage current.

g. The Debtor never made any interim payments to the Trustee under her Plan so that the Trustee could make interim payments to the Debtor's creditors.

2. The Plan does not comply with the provisions of Chapter 13 of the Bankruptcy Code and confirmation thereof is denied.

3. That the stays afforded by 11 U.S.C. § 362(a) in favor of the Debtor and 11 U.S.C. § 1301(a) in favor of any co-debtor (collectively, the "Automatic Stay"), be, and hereby are, modified to permit Northern Trust to continue with its foreclosure proceedings against the following described real property (the "Apartment Property"):

Lot 12 of Block 2 of FAIRWAY, according to the Plat thereof as recorded in the Public Records of Dade County, Florida, having a street address of 94 N.W. 69th Street, Miami, Florida,

and against the Debtor and her co-debtor in such case, her husband Yverne Jean, which foreclosure proceedings are pending in the Circuit Court for Dade County, Florida, Eleventh Judicial Circuit, in and for Dade County, Florida, styled as *Northern Trust Bank of Florida, N.A., a national banking association, as Trustee, Plaintiff, vs. Yverne Jean and Marianne Bono Jean, his wife, The Public Health Trust of Dade County, d/b/a Jackson Memorial, and General Motors Acceptance Corporation, Defendants,* under Case No. 89–46619 CA 01 (the "State Court Foreclosure"), including but not limited to obtaining an order to re-set the judicial foreclosure sale of the Apartment Property originally scheduled for March 7, 1990, conducting the judicial sale of the Apartment Property, the issuance of the certificates of sale and title to the purchaser at the judicial foreclosure sale, and seeking such additional and further relief as may be permitted by law in the State Court Foreclosure, including but not limited to a deficiency judgment against the Debtor and her co-debtor husband under the promissory note and mortgage being foreclosed.

4. That the Debtor and the Debtor's husband, Yverne Jean, be and hereby are enjoined, restrained, and prohibited until further order of this Court from, either individually or together, commencing any case under any chapter the Bankruptcy Code that would result in the granting of a stay of the State Court Foreclosure under 11 U.S.C. § 362(a) or otherwise, unless the person or persons so commencing a case execute(s) and have (has) incorporated in the order for relief a waiver of the stay so that the State Court Foreclosure may proceed uninterrupted as provided in Paragraph 3 of this order.

5. That the Court reserves jurisdiction in this matter on the application of Northern Trust contained in its Motion to Dismiss for sanctions against the Debtor and Debtor's attorney for the filing of a bad faith petition and Plan (the "Application for Sanctions"), and further orders that:

a. That counsel for Northern Trust notice an evidentiary hearing on the Application for Sanctions at a time and date to be provided by the Clerk;

b. That at least five days prior to the hearing on the Application for Sanctions counsel for both Northern Trust and the Debtor submit proposed orders for the Court's consideration for entry after the evidentiary hearing to be held under Paragraph 5.1.

DONE and ORDERED.